UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALBERT R. STEWARD, III,                        Case No. 17-CV-0831 (JNE/TNL)

          Plaintiff,

v.                                                                ORDER

DISCOVER BANK,

          Defendant.

Plaintiff Albert R. Steward, III, alleged in his complaint that he had entered into a contract with "DSV Holdings" for the sale of "several internet websites." Compl. ¶¶ 7, 9. DSV Holdings wrote Steward a check for $289,890.00, which Steward deposited with defendant Discover Bank ("Discover"). *Id*. ¶ 9. At some point after the deposit — it is not clear exactly when — Discover learned that the check was fraudulent and refused payment. Steward brings this action contending that Discover failed to comply with 12 C.F.R. § 229.33(d), which requires that "[i]f the depositary bank receives a returned check or notice of nonpayment, it shall send or give notice to its customer of the facts by midnight of the banking day following the banking day on which it received the returned check or notice, or within a longer reasonable time."

Steward did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF Nos. 2 & 7. But much about the financial information provided by Steward in his IFP applications failed to add up:

> Steward's allegation of having no money whatsoever in cash, checking accounts, or savings accounts remains difficult to believe. Even harder to believe is that Steward "operates several internet websites that offer[] unique income generating opportunities and that specialize in custom software development and applications,"

> Compl. ¶ 7 [ECF No. 1]   a subset of which allegedly sold recently for $1.5 million, *compare* Compl. ¶ 9; Decl. at 1 [ECF No. 6]   yet has no income (and, for that matter, has incurred no operating expenses) as a result of these websites.

ECF No. 9 at 5-6. Refusing to allow this matter to go forward until satisfied that Steward's claim of poverty was true, Magistrate Judge Tony N. Leung ordered Steward to submit specific evidence bearing on his eligibility for IFP status, including

1. Statements from all checking, savings, brokerage, or similar accounts to which Steward has had access for the period of July 1, 2016 through the date of this order.

2. Copy of Steward's complete 2016 Federal income tax returns and any amendments thereto.

3. The sales contract alleged in Paragraph 9 of the complaint between Steward and DSV Holdings.

4. Evidence showing that Steward has "released the websites and software" to DSV Holdings without payment or hope of future payment, as alleged in Steward's declaration. ECF No. 6 at 1-2.

*Id*. at 6. Steward was given 20 days from the date of the June 7, 2017 order in which to submit the required financial information, failing which it would be recommended that ths action be dismissed without prejudice for failure to prosecute. That deadline came and passed without a response from Steward and so finally, on July 13, 2017, Magistrate Judge Leung recommended dismissal for failure to prosecute. *See* ECF No. 10 (citing Fed. R. Civ. P. 41(b)).

Five days after Magistrate Judge Leung's recommendation of dismissal, Steward submitted further documentation. *See* ECF No. 11. This submission fell far short of what was previously ordered. Rather than providing "[s]tatements from all checking, savings, brokerage, or similar accounts to which Steward has had access for the period of July 1, 2016 through

[June 7, 2017]," ECF No. 9 at 6, Steward provided one-page summaries of two accounts, as those accounts stood on a single day (June 25, 2017). *See* ECF No. 11-1 at 2; ECF No. 11-2 at 1. Steward has not provided federal income tax returns for 2016, nor has he submitted evidence that he has released the websites and software at issue in this action to DSV Holdings without hope of future payment. Finally, and perhaps most alarmingly, Steward has refused to submit "an affidavit declaring, under penalty of perjury, that the documents and information contained in those documents is truthful and complete to the best of Steward's knowledge," as expressly required by Magistrate Judge Leung. ECF No. 9 at 6.

This matter is now before the Court on the Report and Recommendation ("R&R") that this matter be dismissed without prejudice for failure to prosecute. *See* ECF No. 10. "A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam). Steward has failed to comply with Judge Leung's June 7, 2017 order, and he has provided no good reason for his failure to comply. Dismissal for failure to prosecute is therefore warranted, and the R&R will be adopted.

Before doing so, however, this Court notes that this lawsuit was almost certainly doomed regardless of whether Steward adequately prosecuted the action. Under 28 U.S.C. § 1915(e)(2)(B)(ii), an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28

U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Even accepting as true Steward's allegation that Discover failed to comply with § 229.33(d), damages for the infraction are measured by "the amount of the loss incurred, up to the amount of the check, reduced by the amount of the loss that party would have incurred even if the bank had exercised ordinary care." 12 C.F.R. § 229.38(a). Steward alleges two kinds of damages resulting from Discover's lack of care, but neither makes any sense. First, Steward contends that he suffered damages in the amount of the check written by DSV Holdings because he was unable to draw upon that check. But Steward was unable to draw on these funds not because of anything Discover did or failed to do, but because *the check was fraudulent*. The check would have been just as fraudulent — and Discover would have been just as entitled not to pay on that check — had Discover provided timely notice of nonpayment. *See* 12 U.S.C.

-4-

§ 4006(c)(2). Second, Steward alleges that DSV Holdings has, in essence, breached the contract by refusing to make further required payments under the contract.[1] Again, it is hard to see how this damage can be pinned on *Discover*'s failure to provide timely notices to Steward; nothing about that failure obviated DSV Holdings from its obligations under the contract, and Discover cannot be held responsible for a breach of contract committed by DSV Holdings. Without adequate allegations of damages, Steward would not have been able to maintain an action against Discover under § 229.33(d). *See Denkewalter & Assoc., Ltd. v. Cole Taylor Bank*, No. 10 CV 4899, 2011 WL 3164460, at *4 (N.D. Ill. July 27, 2011).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The July 13, 2017 Report and Recommendation of Magistrate Judge Tony N. Leung [ECF No. 10] is ADOPTED.

2. This matter is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

---

[1] The contract between Steward and DSV Holdings provides more questions than answers. Why would a transportation and logistics holding company pay nearly $2 million for seven crudely built websites and the "development" of freely available software? *See* ECF No. 11-1 at 17-25. Why are so many critical terms in the contract ambiguous, including the amount of Steward's compensation? *Id*. at 5 ("Developer shall be compensated at the rate of $250.00 per hour [OR 'day,' 'week,' 'month']."). Why is such a valuable contract so poorly drafted? *Id*. ("It is understood by Customer the Website's listed in Exhibit 'A' are speculative sites, meaning the domain names are owned by Developer, but the websites' are not generating any income, and Developer does not guarantee any such income. It is Customers sole responsibility as to any income if any is generated from the website's." [Sic throughout]). Why do many of the websites supposedly relinquished by Steward to DSV Holdings several months ago remain in Steward's apparent possession? *Compare* ECF No. 11-1 at 17 (including "Payitcard.com" among websites for sale), *with* http://payitcard.com/ (website accessed August 14, 2017) (listing "A. Steward" as "CEO").

3. The applications to proceed *in forma pauperis* of plaintiff Albert R. Steward, III [ECF Nos. 2 & 7] are DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 22, 2017

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge